UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 98-2817 RAP (CWx)                    Date and Filed: January 20, 2000

Title: United Pacific Insurance Company v. United States Department of Interior, Minerals Management Service

========================================================================
PRESENT:

                    THE HONORABLE RICHARD A. PAEZ, JUDGE

        Valencia R. Vallery                              n/a
        Courtroom Clerk                              Court Reporter

PROCEEDINGS:     (IN CHAMBERS)

   Pending before the Court is the Government's request for an indication from the Court whether it would be willing to entertain the Government's motion for reconsideration of the Court's September 21, 1999 summary judgment to include an award of prejudgment interest. The motion is deemed submitted without argument. Upon consideration of the Government's request, the Court now indicates that it is not willing to entertain the Government's motion for reconsideration. Although the Court lacks jurisdiction to rule on the Government's motion, it appears to the Court that the Government is not likely to succeed on its proposed motion.

   The Government failed specifically to request prejudgment interest in any of the papers it filed with this Court in connection with its second summary judgment motion. The Government argues that it was sufficient that it requested in some of its pleadings that the Court award the amount due, "plus any interest thereon." The Court disagrees. The Court was not put on notice that the Government sought prejudgment interest until the filing of the pending motion. The Court did not understand the Government's request for "interest thereon" to encompass prejudgment interest. This was in part because the Government did not offer any argument or evidence that it was entitled to prejudgment interest or the amount of any such award. Moreover, it appeared from the Government's own analysis of the merits of the underlying claim that it might not be entitled to the full amount it sought. Thus, the Court understood the Government's request for "interest thereon" to include only postjudgment interest on any amount awarded by the Court.

   In its proposed motion for reconsideration, the Government has cited a Code of Federal Regulations provision in support of its request, 30 C.F.R.

MINUTES FORM 11                                  Initials of Deputy Clerk
CIVIL - GEN

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

former § 221.80. This provision has not previously been cited to the Court. Prejudgement interest differs from postjudgment interest in that it "is an element of [the party's] complete compensation." West Virginia v. United States, 479 U.S. 305, 310, n.2 (1987). A prejudgment interest request involves "[re]consideration of matters encompassed within the merits of a judgment." Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 (1989). A request for such relief must, therefore, be explicit.

Thus, in the Court's view, the Government would not be entitled to relief under Federal Rule of Civil Procedure 60(a) or (b). Not having been notified that the Government would be seeking such relief, the Court's omission of any reference to prejudgment interest in its Order and Judgment cannot be said to be a "clerical mistake" or "mistake," "inadvertence" or "neglect." Fed. R. Civ. Proc. 60(a); (b). Therefore, the Government could only have sought prejudgment interest by filing a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Such a motion would have had to have been filed within ten (10) days of the entry of the Judgment. Schake v. Colt Industries Operating Corporation Severance Plan, 960 F.2d 1187 (3rd Cir. 1992) (finding that district court lacked jurisdiction to grant prejudgment interest, in part, because the party failed to apply for the relief within 10 days of the entry of final judgment under Fed. R. Civ. Proc 59(e)).

The Government waited two months before filing its proposed motion. The motion is untimely. Accordingly, the Government's request for an indication of whether it would entertain a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**